**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50252 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-01661-WQH-1 |
| v. | |
| DANIEL ALBERTO VERDIN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Daniel Alberto Verdin appeals from the district court's judgment and

challenges the 24-month sentence imposed following his guilty-plea conviction for

transportation of aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(1).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Verdin first contends that the district court erroneously denied him a minor-role reduction under U.S.S.G. § 3B1.2. We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts of a given case for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Contrary to Verdin's argument, the record reflects that the district court properly applied the factors listed in the commentary to the minor-role Guideline, *see* U.S.S.G. § 3B1.2 cmt. n.3(C), identified other probable actors in the scheme, and assessed whether Verdin was "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A). The court did not clearly err in any of its factual findings, nor did it abuse its discretion in concluding that Verdin played a more substantial role in the offense than some of the other participants and, as a result, was not entitled to a minor-role reduction. *See United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018).

Verdin also contends that the district court imposed a substantively unreasonable sentence by refusing to grant a downward variance to reflect his early guilty plea. The court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). As the court explained, it accounted for Verdin's early disposition of the case and other mitigating factors by imposing a mid-range, rather than a high-end, sentence. The 24-month sentence is substantively reasonable in

light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**